UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

FANEL JOSEPH

CRIM. NO. 06-350-01 (CKK)

MEMORANDUM IN AID OF SENTENCING

Fanel Joseph, through counsel, respectfully submits this memorandum in aid of sentencing after pleading guilty to Hostage Taking of a United States Citizen, 18 U.S.C. 1203. Mr. Joseph respectfully requests a sentence of no more then 120 months.

1. Advisory Guideline Range and the Government's Recommendation

Defendant submits that the advisory guideline range of 292 to 365 months and the 200-235 month sentence proposed by the Government are excessive and unreasonable. The Court should impose a sentence that reflects Mr. Fanel's limited role in the offense, the differences between his conduct and that of the co-conspirators, and his many efforts to help the authorities arrest a conspirator. The defendant is entitled to a fair and reasonable sentence that is substantially lower than 200-235 months and the co-conspirators' sentences.

Defendant requests a sentence of no more than ten years.

2. Booker and Gall

In U.S. v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the sentencing guidelines are advisory only, not mandatory. U.S. v. Williams, 435 F.3d 1350 (11th Cir. 2006). The Court can no longer presume that a Guideline sentence is the correct sentence. To do so would be to take a large step in the direction of returning to the pre-

Booker regime. U.S. v. Pickett, 475 F.3d 1347 (D.C. Cir. 2007). A sentencing judge cannot simply presume that a Guideline sentence is the correct sentence. To do so would be to take a large step in the direction of returning to the pre-Booker regime. U.S. v. Pickett, 475 F.3d 1347 (D.C. Cir. 2007).

Under the new advisory guideline scheme, "district courts have a freer hand in determining sentences." U.S. v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir.2005). No special weight is to be given to the advisory guidelines as opposed to the other factors mentioned in the statute. In Rita v. U.S, 2007 WL 1772146, 127 S.Ct. 2456 (S.Ct. June 21, 2007, the Court stated "...the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines should apply."

On December 10, 2007, the Supreme Court held in Gall *v*. United States, 128 S.Ct. 586 (2007) that courts of appeals must review all sentences, whether within, just outside, or substantially outside Guidelines range, under deferential abuse of discretion standard.

The defendant requests that the court give equal weight to the sentencing factors under 18 U.S.C. §3553 and the guideline range.

3. Mr. Fanel's Assistance in Locating a Conspirator.

Mr. Joseph was arrested by Haitian authorities on Oct 14, 2005 and held for fifteen months at a Haitian jail until his extradition to the United States on January 29, 2007.[1] Prior to his removal, he confessed fully to the FBI agents and named the coconspirators.

On January 31, 007, he was presented before the court, and eight days later on February 8, 2007, he debriefed with authorities  Mr. Joseph debriefed three additional times before his plea on March 9, 007. After his plea, Mr. Joseph debriefed again on

---

[1] Mr. Joseph requests that the court take into consideration this time period when imposing a sentence.

several occasions and provided additional information including the name of a conspirator, Conspirator J, and photo identifications of Conspirator J and another individual.

Mr. Fanel made extraordinary efforts to help the FBI and the Haitian authorities catch Conspirator J. During the six months following his plea, Fanel Joseph was in contact with FBI agents on at least seven occasions in an attempt to make contact with someone who could help the authorities locate Conspirator J. At one point, FBI agents did make contact with this person, but eventually both Mr. Fanel and the agents lost contact. In addition, Mr. Joseph made efforts through counsel by telephone and mail to obtain information that would help in the capture of others.

4. Mr. Josephs' Conduct in the Offense.

Fanel Joseph's role in the offense was small. There can be no comparison between his conduct and that of the other conspirators. M.D. was with Mr. Joseph from 8 pm on October 13, 2005 until 1 pm the following day. During that time, Mr. Joseph bathed and fed M.D. and cared for him. When the police arrived at Mr. Joseph's house, M.D. was playing in the front yard as Mr. Joseph sat on his porch watching him. Fanel ran into the house and hid under the bed as the police approached.

The following list describes the actions of the co-conspirators from October 11, 2005 to October 14, 2005:

Threatened to dismember the boy's head
Threatened to kill M.D.
Again threatened to kill M.D.
Accosted M.D. with guns drawn
Supplied 9 mm handguns
Confronted the father at gunpoint
Made repeated threatening telephone calls
Threw the father in the back seat and later pushed him out of the car

Made ransom demands
Was the leader of a gang that had perpetrated other crimes including
   kidnappings, robberies and shootings
Took the lead in the ransom negotiations
Was the leader and organizer of the crew

The following list describes the conduct of Fanel Joseph:

Was asked by conspirator J to go to Dorvilier's house
Never met Dorvilier before the day of the meeting at Dorvilier's house
Was not part of the conversations between the six or seven men at Dorvilier's house
Was asked by Conspirator J to hold the child
Agreed to hold the child
Sat on the front porch watching M.D.
Fled into the house and hid under the bed when the police arrived

    The 200-233 month sentence proposed by the Government is harsh, excessive, and unreasonable. The defendant is entitled to a fair and just sentence that reflects his small role in the offense and the radically different conduct between Mr. Joseph and the other conspirators.

5. Fanel Joseph's Home in Haiti

    Before his arrest, Mr. Fanel lived with his wife and three children in Martissant, a poor town in Port au Prince, where there is no electricity, running water, paved roads, or toilets. The houses have tin roofs and dirt floors. Women sell water and food on the street for money. On an average, a person makes $ 2 per day.  Each compound has one out-house, and the stench is so bad one cannot breath..

    Mr. Joseph requests that the court take into consideration the dehumanizing poverty in which he lived.

6. Mr. Fanel's Rehabilitation

Defendant's cooperation with law enforcement reduces the possibility of recidivism and shows the court his motivation to rehabilitate himself. His cooperation further demonstrates that the "defendant will transgress no more [and will] respond to rehabilitative efforts [and] not deem himself at war with his society." Roberts v. United States, 445 U.S. 552, 558 (1980). However, a sentence that is greater than necessary will defeat any chance of Mr. Joseph' rehabilitation.

Rehabilitation is a goal of punishment. That goal "cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of humankind, for we are all created in the image of God. A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe than that necessary to satisfy the goals of punishment." U.S. v. Carvajal, 2005 WL 476125 (S.D.N.Y. Feb. 22, 2005) (unpub.)

"Our sentences are too long, our sentences are too severe, our sentences are too harsh... [and because there are so few pardons] there is no compassion in the system. There's no mercy in the system." *Testimony of Justice Anthony Kennedy before the Senate Judiciary Committee on February 14, 2007*.

Mr. Joseph submits that the sentence proposed by the government is too harsh to meet the sentencing goals of rehabilitation and punishment.

7. Greater time than non-alien

Mr. Joseph is ineligible for home detention, community confinement, work release, intermittent incarceration, and minimum-security designation because he is a deportable

alien. In U.S. v. Davoudi, 172 F.3d 1130 (9th Cir.1999), the district court had discretion to depart downward because a deportable alien may be unable to take advantage of minimum security designation of the up-to-six months home confinement authorized by 18 U.S.C. §3624(c). The district court may consider whether defendant's status as a deportable alien would result in unusual or exceptional hardship in conditions of confinement that might warrant a departure. U.S. v. Farouil, 124 F.3d 838 (7th Cir. 1997). In that case, the defendant was charged with importing heroin. *See also* In U.S. v. Charry Cubillos, 91 F.3d 1342, 1344 (9th Cir.1996).

In U.S. v. Pacheco-Soto, 386 F. Supp. 2d 1198, 1205 (D.N.M. 2005), a drug case, a below-guideline sentence was imposed because defendant was a deportable alien who "faces an unwarranted increase in the severity of his sentence."

Only non-aliens receive a reduction in their sentence when they complete the BOP's 500-hour drug program. McClean v. Crabtree, 173 F.3d 1176 (9th Cir. 1999).

Mr. Joseph requests that the Court consider Mr. Joseph's status as a deportable alien when fashioning his sentence.

8. Haitian Prisons

Mr. Joseph was jailed for fifteen months in the Haiti National Penitentiary before arriving in the United States. At the National Penitentiary, inmates are stuffed in small cells, approximately 65 inmates per 11 square foot cell, and sleep standing up.
Clarens Renois, *Hellish conditions prevail in Haiti jails*. Institute for Justice and Democracy in Haiti, July 12, 2007.

Mr. Joseph requests that the Court take into consideration the sixteen months that he spent in a lice-infested, filthy prison and credit him for that period of time.[2]

---

[2] Mr. Joseph was infested with lice upon his arrival at the D.C. Jail.

Mr. Joseph respectfully requests a fair and just sentence, one that reflects his role in the offense, the radical differences between his conduct and that of his co-conspirators, his great efforts to help the FBI catch a conspirator, the hellish conditions that he endured while caged in a Haitian prison, and the inhuman poverty in which he has lived during his entire life.

Mr. Joseph respectfully requests a sentence of no more than ten years.

Respectfully submitted,

_____
Cynthia Katkish
Bar ID No. 418876
601 Pennsylvania Ave NW
Suite 900-S pmb 221
Washington, D.C. 20004
202-997-1386 fax 202-639-2000
ckatkish1@comcast.net