UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FANEL JOSEPH,<br>    Defendant. | Criminal No. 06-350 (CKK) |

## **MEMORANDUM OPINION**
(May 8, 2018)

Pending before this Court is *pro se* Defendant Fanel Joseph's [30] Motion for Declaratory Relief or Alternately an Immigration Departure ("Def.'s Mot."); the United States' [32] Response to the Defendant's Motion ("Govt. Resp."); and the Defendant's [38] Reply to the Government ("Def.'s Reply"). Upon consideration of the pleadings and the entire record in this case, the Court DENIES Defendant's request for an immigration departure, construes the Defendant's Motion as a petition filed pursuant to 28 U.S.C. § 2241, and transfers this matter to the judicial district where the Defendant is incarcerated.[1]

Background

On or about October 15, 2005, Defendant Fanel Joseph ("Defendant" or "Mr. Fanel) was arrested in Haiti, and he was held in a Haitian jail until he was brought to the United States approximately 15 months later. Mr. Joseph was indicted by a federal grand jury on December 6,

---

[1] In preparing this Memorandum Opinion, the Court also considered the Mr. Joseph's Indictment, ECF No. 1; the transcript from Defendant's January 31, 2008 sentencing, ECF No. 17; a letter written by Mr. Joseph, dated August 18, 2016, ECF No. 18, for which leave to file was granted; a Memorandum in Opposition filed by the Government, ECF No. 24; Defendant's Reply to the Opposition, ECF No. 26; the Government's Surreply, ECF No. 28; and this Court's Order dated January 18, 2017.

1

2006, and charged with one count of Hostage Taking of a United States National and Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. §§ 1203 (a) and 2. *See* Indictment, ECF No. 1. On January 30, 2007, the Defendant was arraigned, and he entered a plea of guilty to one count of Hostage Taking on March 9, 2007. On January 31, 2008, Mr. Joseph was sentenced to 194 months incarceration, followed by 60 months of supervised release. This period of incarceration, which started as 200 months, incorporated a six month sentence reduction based upon Defendant's status as a "deportable alien." *See* Transcript of Sentencing, ECF No. 17, at 50 (where this Court found 194 months to be a sentence that was "sufficient but not greater than necessary to accomplish the objectives under the statute," and declined to reduce the Defendant's sentence by fifteen months on grounds that "[t]o a large degree, [Defendant] being held [in Haiti] was [because] he would not admit his role, unlike the other defendants, . . . .").

Defendant's revised projected release date from the Bureau of Prisons' ("BOP") custody is November 13, 2019, and he is currently incarcerated at the Rivers Correctional Institution ("Rivers CI") in Winton, North Carolina. *See* Govt. Resp. at 3.

<u>Defendant's Previous Motion seeking Credit for Time Incarcerated in Haiti</u>

Defendant requested previously that this Court recalculate his sentence in light of his fifteen month detention in Haiti prior to his extradition to the United States. *See* August 18, 2016 letter to the Court, ECF No. 18. The Government's response to Defendant's letter treated it as a motion to modify Mr. Joseph's sentence, pursuant to 18 U.S.C. § 3582(c), and asserted that this Court: (1) had no authority, post-conviction, to reduce or modify Defendant's sentence because the exceptions in that statutory section were inapplicable, and (2) had already considered this request by Defendant during the sentencing hearing. Defendant asked the Court to treat his request for relief as a motion brought under 28 U.SC. § 2241, and to transfer the matter to the United States

District Court for the Southern District of Georgia, the district where he was incarcerated. The Government did not object to the proposed transfer.

On January 18, 2017, this Court issued an Order directing the Clerk's Office to open a new civil case related to the Defendant's request for relief, and transferring that case to the District Court for the Southern District of Georgia. According to the Government, "the BOP reviewed and audited the defendant's sentence computations and determined that he had been incarcerated in Haiti from October 14, 2005, until January 29, 2007, thus entitling him to the 15 months' credit he sought" and the Defendant's release date was adjusted to November 13, 2019. *See* Govt. Resp., ECF No. 32, at 2-3.

<u>Defendant's Instant Motion</u>

Defendant requests that this Court order BOP to transfer him to a federal correctional institution that conducts Institutional Hearing Programs for deportable aliens, because the facility in which he is currently housed — Rivers CI — does not have such a program, with the effect that a defendant incarcerated at Rivers CI may not receive a deportation hearing and could be subject to detention at a United States immigration facility for one year or more after the completion of his sentence. *See* Def.'s Mot., ECF No. 30, at 1; *see also* 8 U.S.C. § 1228 (a)(3)(A) ("Notwithstanding any other provision of law, the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings . . . in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony.") Alternatively, Mr. Joseph requests that this Court grant an immigration departure of up to one year to "remedy any immigration detention beyond [his] term of

imprisonment." *See* Def.'s Mot. at 15.[2]

This Court first addresses Mr. Joseph's request for a *Smith* departure, noting that the Court previously provided the Defendant with a six month immigration departure at the time of Mr. Joseph's sentencing, based on his status as a "deportable alien." *See* Transcript of Sentencing, ECF No. 17, at 50; *see also Smith v United States*, 27 F.3d 649, 655 (D.C. Cir. 1994) (concluding that it may be appropriate to apply a downward departure where the defendant's status as a deportable alien is "likely to cause a fortuitous increase in the severity of his sentence"). Defendant fails to proffer any support for this Court granting a second immigration departure. Furthermore, the Government contends that this Court does not have the authority, post-conviction, to reduce or modify the Defendant's sentence pursuant to 18 U.S.C. § 3582 (c) (addressing the modification of an imposed term of imprisonment). While Defendant contends that this "motion is clearly not a 3582," he provides no alternative basis for this Court to reduce or modify his sentence.

The Government argues that because the Defendant is challenging the execution, or serving of, his sentence, this challenge must be raised pursuant to 28 U.S.C. § 2241. *See Smith v. United States*, 277 F. Supp. 2d 100, 104-05 (D.D.C. 2003) (a challenge to a sentence executed by the BOP is brought under Section 2241). In the instant case, Mr. Joseph asserts that Section 2241 is not his "only path in this matter" because "the Court has the power to form a remedy under 1228," but he provides no support for this assertion, choosing instead to rely generally on Article III of the Constitution and a court's ability to provide declaratory relief. Therefore, this Court treats Defendant's motion as a petition filed pursuant to 28 U.S.C. § 2241.

A petitioner's "immediate custodian" is the proper respondent in a Section 2241 habeas

---

[2] It is speculative at this point to conclude that that Mr. Joseph will necessarily be held in immigration detention for one year.

4

corpus action. *See Rumsfield v. Padilla*, 542 U.S. 426, 434-35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]the appropriate defendant in a habeas action is the custodian of the prisoner[,]" which means the warden of the prison.) (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc))). Actions pursuant to Section 2241 must be brought in the district where the defendant is incarcerated as opposed to the district where the defendant was sentenced, and in this case, that would be the Eastern District of North Carolina. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (finding that the district court "may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *see also In re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988) ("A habeas petition may be adjudicated only in the district in which [defendant's] immediate custodian, his warden, is located").

Accordingly, because Mr. Joseph challenges the execution, or serving of, his sentence, his Motion shall be treated as a petition filed pursuant to 28 U.S.C. § 2241, and this matter shall be transferred to the United States District Court for the Eastern District of North Carolina, where Rivers CI is located. A separate Order accompanies this Memorandum Opinion.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge